## Donk Bros. Coal & Coke Company v. Harry Retzloff, by next friend.

DAMAGES—*when minor may recover for loss of time.* A minor who has been emancipated by his parents and permitted to work for himself, may recover, as an element of damage, loss of time resulting from personal injuries.

Action in case for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

WISE & McNULTY, for appellant.

BROWN & GEERS, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case brought by appellee, suing by next friend, against appellant to recover damages for injuries received while attempting to couple two coal boxes or cars in use in appellant's coal mine. The declaration is in three counts, the substantial allegations of which are, that the defendant owned and operated a coal mine at Maryville in Madison county, and had in use certain cars by which to transport coal as it was mined, from the rooms to the shaft; that plaintiff was employed as a driver and it was his duty to drive a mule in hauling the loaded cars to the bottom of the shaft, at which point it was his duty to couple the cars brought in to other cars there on the track; that it was the defendant's duty to use reasonable diligence to see that the cars in use were in a reasonably safe condition and repair; that the defendant "negligently permitted one of said coal cars to be and remain out of repair, in this, that it permitted the bumpers on one end of said car to become broken and damaged, and to become so out of repair as to permit said car to approach so near any other car adjacent to said car on said track as to cause the coupling together of

said damaged car with any other car to be attended with great peril and danger"; that while endeavoring to couple the damaged car to another car the two were brought together by the impact of another moving loaded car upon the same track, and by reason of the alleged defects or lack of a sufficient bumper upon the defective car mentioned, the plaintiff's head was caught between the cars and received the injuries complained of. The defendant pleaded not guilty. The case was tried by a jury which returned a verdict for plaintiff for $2,000. A motion for new trial was overruled and judgment entered on the verdict. The defendant appealed.

Appellee was injured December 2, 1905. He was then nineteen years old and lived with his brother-in-law, his next friend in this suit. He had been working in coal mines a number of years. He was employed as a mule-driver by appellant three days before his injury. He testified that just before the accident his boss told him to couple some loaded cars he had brought in onto a string of loaded cars then standing on the track near the bottom of the shaft, and in the endeavor to make the coupling directed, and while he was stooped over, with his head between the cars, trying to adjust the coupling-link, which was out of place and above the bumper, the cars came together, his head was caught and injured. The cars were constructed with bumpers of wood, bolted onto the bottom of the car at each end, covered with iron at the outer edge and extending beyond the end of the box or body of the car four or five inches. While engaged in coupling the cars, appellee observed that one of the cars he was about to couple had no bumper.

The first contention urged by appellant in argument is that the court erred in refusing the peremptory instruction asked at the close of the evidence. It is said that the evidence does not show that the bumpers were intended or designed for the protection of the employee in making a coupling. The original purpose and design of the bumpers on the cars was not material under the declaration in this case. If by reason of the defects alleged they endangered the plain-

Coal & Coke Co. v. Retzloff.

tiff in the performance of his duty, as alleged, it became a question for the jury whether or not it was negligence to use cars with defective bumpers or without any bumpers at all. There was some evidence that appellee, according to his own testimony, did not attempt the coupling in the usual, customary and safe way which a knowledge of that service required. There is also evidence that what he did was practical, allowable and customary under the conditions shown by the evidence, and that the manner adopted by appellee was the safer of two ways which were open to him in making the coupling. Again it is contended, that appellee knew and understood the danger of putting his head between the cars when attempting to couple them and for that reason may not recover. We do not think the conclusion drawn by counsel for appellee's testimony wholly warranted. At the very least the evidence is susceptible of a different interpretation and required a submission of the question to the jury. Counsel argue at considerable length other questions of fact which we do not deem it necessary further to discuss. After a careful examination of the evidence as it appears in the abstract, guided by the briefs and argument of counsel, we are fully persuaded that all the issues made by the pleading and the testimony of witnesses were properly and in justice to all parties necessarily submitted to the jury. Complaint is made of the trial court's ruling in the admission of evidence. While some of the objections pointed out ought to have been sustained, we do not think any of the evidence erroneously admitted was of such importance or bearing upon any material issue in the case as to affect or influence the verdict one way or another. The court did not err in excluding evidence offered by appellant.

By appellee's first instruction the jury are told that in assessing damages they are to take into consideration among other things, the plaintiff's loss of time, etc., and make allowance in damages therefor. The objection is made to this proposition that appellee, being a minor, may not recover for lost time or wages during his minority, as damages for that loss and for that time is subject to claim by his father.

Undoubtedly, as a general proposition, the law is correctly stated by appellant, but there is an exception to the rule, or rather, the law is without application where the minor plaintiff has been emancipated and is permitted by his parents to work for himself. Emancipation need not be evidenced by any formal or required particular act. It may be inferred from circumstances. Its existence will be recognized if the father permits the son to make contracts and collect his wages for himself. While the evidence of emancipation in this case is not as clear and satisfactory as it might be or might have been made, the fact that plaintiff was living from home and had contracted for his service with appellant, and was so nearly of age, may justify the inference that he was emancipated and the giving of the instruction held not to be error. The other instructions are substantially correct in the statement of the law applicable to the issues on trial. Upon the whole we find the record without prejudicial error injurious to appellant, and we are constrained to hold that the facts in controversy were fairly submitted and fairly considered by the jury, and that the verdict and judgment should stand.          *Affirmed.*